IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 21 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:15cr30LG-JCG

AMADA REYES
JAEL PENA-VASQUEZ
ERNESTO CASTILLO-RAMIREZ
RAMON CASTILLO
TATYANA MONGE
FELIX PORTES
JOSE ROSADO
JOSUE PEREZ-SANCHEZ

21 U.S.C. § 846

**The Grand Jury charges:**

### COUNT 1

That beginning sometime in early 2014 and continuing up to the date of this Indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **AMADA REYES, JAEL PENA-VASQUEZ, ERNESTO CASTILLO-RAMIREZ, RAMON CASTILLO, TATYANA MONGE, FELIX PORTES, JOSE ROSADO and JOSUE PEREZ-SANCHEZ,** did knowingly conspire with each other and with others both known and unknown to the Grand Jury, to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by of Section 841(a)(1), Title 21, United States Code.

### QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

With respect to **AMADA REYES**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **JAEL PENA-VASQUEZ**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **ERNESTO CASTILLO-RAMIREZ**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **RAMON CASTILLO**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **TATYANA MONGE**, the amount involved in the conspiracy attributable to her as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to her is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **FELIX PORTES**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **JOSE ROSADO**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **JOSUE PEREZ-SANCHEZ**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of cocaine hydrochloride in violation of Section 841(b)(1)(A), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

## COUNT 2

That on or about July 10, 2014, and continuing up to the date of this Indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **JOSE ROSADO and JOSUE PEREZ-SANCHEZ**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute 500 grams or more of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offense alleged in the Indictment:

1) 2002 BMW 745i, VIN: WBAGL63442DP53529;

2) $10,000.00 United States Currency;

3) $29,000.00 United States Currency;

4) $7,000.00 United States Currency;

5) $4,637.00 United States Currency; and,

6) $9,500.00 United States Currency;

Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 21 day of April, 2015.

UNITED STATES MAGISTRATE JUDGE